Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4261 | **DATE** | 6/18/2012 |
| **CASE TITLE** | Samousky vs. Macy's | | |

**DOCKET ENTRY TEXT**

We allow Plaintiff to proceed *in forma pauperis* (4) but deny her motion (5) for counsel. It is so ordered. The Clerk of Court is directed to issue summons and complaint to the U.S. Marshal' Service for service on defendant.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

Presently before us is Plaintiff Polina Samovsky's application to proceed *in forma pauperis* in her lawsuit against her former employer, Macy's. Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of her complaint and dismiss the action if we find that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires that a complaint contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1974 (2007); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

In support of her allegation of poverty, Plaintiff submitted the required financial affidavit. She states that she is not currently employed. (IFP Aff. ¶ 2a.) Plaintiff reports that she receives $504 monthly in disability payments from the Social Security Administration ("SSA"), while her husband receives $700 monthly from SSA. (*Id.* ¶¶ 2a, 4d.) She further declares that she has no additional sources of income or assets beyond $350 in her joint bank account. (*Id.* ¶¶ 4–5.) Plaintiff owns a condo, although she asserts her mortgage is upside down. (*Id.* ¶ 7.) Plaintiff's household income thus totals approximately $14,500, placing her below the poverty guideline for a two-person family. (*See* Health and Human Services 2012 Poverty Guidelines, setting the guideline at $15,130.) We therefore find Plaintiff's allegation of poverty to be true.

We turn then to the complaint, which in this instance includes a handwritten, twenty-page, and occasionally rambling or redundant narrative. (Am. Compl.) Based on our understanding of the complaint—which we read liberally in favor of Plaintiff, who is pro se—Plaintiff alleges that: (1) Macy's discriminated against her in violation of the Americans with Disabilities Act when human resources at the Old Orchard store would not accommodate her working schedule to suit her needs; and (2) Macy's further discriminated against her by refusing to re-hire her, after she had quit her job in the summer of 2010 but re-applied to return within a matter of weeks. Plaintiff claims that Macy's' refusal to rehire her was unlawfully based on her race, color, national origin, religion, age and disability. Although we have reservations about the sufficiency of some of these allegations, we must conclude at this preliminary stage that Plaintiff has stated a

## STATEMENT

claim upon which relief may be granted. We thus grant Plaintiff's application to proceed *in forma pauperis*. We deny, however, Plaintiff's motion for appointment of counsel because she has not demonstrated that she needs counsel at this time or has exhausted the search for a private attorney. In order for us to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See also Pruitt v. Mote*, 503 F.3d 647, 655–58 (7th Cir. 2007); *Johnson v. Doughty*, 433 F.3d 1001, 1006–09 (7th Cir. 2006); *Marshall v. Krzoska*, No. 07 C 960, 2008 WL 552681, at *1–2 (E.D. Wis. Feb. 27, 2008). Plaintiff's motion identifies only three private firms she has contacted about this case. (Mot. ¶ 2.) This meager effort is not reasonable. Moreover, we typically require a litigant to submit documentation that demonstrates the refusal of numerous attorneys to accept the case. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). Plaintiff did not support this motion with copies of any solicitation or rejection letters, or other documentation to prove she has tried in earnest to retain counsel. Finally, and perhaps most importantly, the legal issues raised in Plaintiff's complaint are not so complex or intricate that a trained attorney is necessary at this time.

In sum, we allow Plaintiff to proceed *in forma pauperis* but deny her motion for counsel. It is so ordered.